UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CENTAURUS SOUTHERN OAKS, LP, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-10-4123 |
| | § | |
| LEXINGTON INSURANCE COMPANY, *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is plaintiff's motion to remand. Dkt. 11. After considering the parties' arguments and the applicable law, the motion to remand (Dkt. 11) is GRANTED.

**BACKGROUND**

Plaintiff Centaurus Southern Oaks, LP ("Centaurus") owns commercial property located at 6353 Skyline Drive, Houston, Harris County, Texas 77057 (the "Property"). Dkt. 1-1 at 6. The property was insured by defendant Lexington Insurance Company ("Lexington"). *Id.* Centaurus sustained damage to the property when Hurricane Ike hit Harris County in 2008, and thereafter filed a claim with Lexington. *Id.* When the claims process did not end to Centaurus's satisfaction, this lawsuit was filed in the 157th Judicial District Court of Harris County, Texas, against Lexington, Cunningham Lindsey U.S., Inc. ("Cunningham") (the insurance adjuster assigned to the claim), five employees of Cunningham, and Ted W. Allen & Associates, Inc. ("Allen") (the insurance agency that sold the Lexington policy to Centaurus). Dkt. 1-1. Centaurus alleged multiple causes of action against defendants, including negligence, breach of contract, breach of good faith and fair dealing, negligent misrepresentation, fraud, violations of Texas Insurance Code Chapters 541 and 542, and violations of the Texas Deceptive Trade Practices Act. *Id*.

The parties are not completely diverse: Centarus, Cunningham, all five of Cunningham's employees, and Allen are residents of Texas. *Id.* Lexington is a Delaware corporation, headquartered in Massachusetts. *Id.* Lexington filed a notice of removal on the grounds that all of the other named defendants were improperly joined. Dkt. 1. Before the court is Centaurus's motion to remand. Dkt. 11. There is no dispute that if any non-diverse defendant is a proper party to this case, complete diversity is destroyed, and this court lacks jurisdiction. The court will limit its analysis to the claims against defendant Allen because it finds that analysis dispositive.

## ANALYSIS

To establish subject-matter jurisdiction predicated on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. A case may be removed despite a non-diverse defendant if that defendant was improperly joined, meaning the defendant was named improperly for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). As the removing parties, defendants bear the heavy burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet '[improper]' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right." *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S. Ct. 278 (1914); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

Defendants normally establish improper joinder in either of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiffs to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis*, 326 F.3d at 646-47). Here, Lexington does not argue actual fraud in the jurisdictional facts as to any named defendant. Lexington argues that Centaurus fails to state a claim against defendant Cunningham and

2

its employees. However, as to defendant Allen, Lexington makes neither argument. Rather, relying upon *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir.1996) (abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000)), Lexington argues that a third type of improper joinder has occurred with respect to Allen; fraudulent *mis*joinder. Dkt. 13 at 8-9. Lexington argues that the claims against the insurance agency who sold its policy do not arise out of same transaction or occurrence as the claims against Lexington for failure to pay under the policy, and that the claims against Allen are not properly joined to claims against Lexington. The *Tapscott* court explained that where otherwise viable claims against a non-diverse defendant have no real connection with the claims against the diverse defendant, misjoinder of that party "may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." 77 F.3d at 1360.

The Fifth Circuit Court of Appeals has not expressly adopted the *Tapscott* analysis, but it has indicated its agreement with that analysis, albeit in *dicta*. *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002). Further, numerous district courts in the circuit have applied *Tapscott*, with some assuming, without deciding, that fraudulent misjoinder is a "third possible ground to support a finding of improper joinder." *Texas Instruments, Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 147 (N.D. Tex. 2010) (citing cases). This court will make a like assumption for purposes of the pending motion.

Even when considered as a proper basis for finding improper joinder, *Tapscott's* fraudulent misjoinder analysis has not often been successful in this circuit. Indeed, "the overwhelming majority of those cases have been remanded to state court, often on the ground that even if the parties have been misjoined, such misjoinder is not so egregious as to be fraudulent." *Texas Instruments*, 266 F.R.D. at 152 (collecting cases). There appear to be three narrow situations where courts within the Fifth Circuit have concluded that improper joinder exists: (1) where an action contains multiple

lawsuits with little or no party overlap; (2) where "numerous plaintiffs have sued a common defendant and assert claims that have no shared factual element"; and (3) where a plaintiff has "joined multiple defendants in the same action and is asserting claims against each defendant that are **both factually and legally unrelated**." 266 F.R.D. at 149 (emphasis added). Lexington asserts the last of these three situations in this case.

In order to determine whether a claim has been fraudulently misjoined, the court must engage in a review of the permissive joinder rules of the forum state. *Texas Instruments*, 266 F.R.D. at 147-148. However, even where a party has been misjoined procedurally under state law, a federal court may not ignore that party for purposes of determining a federal court's diversity jurisdiction unless the misjoinder is egregious, i.e., if the claim against the non-diverse defendant is so unrelated that there is simply no purpose for joinder other than to defeat diversity. *Tapscott*, 77 F.3d at 1360 (only misjoinder "bordering on a sham" sufficient to permit court to ignore non-diverse defendant).

Rule 40 of the Texas Rules of Civil Procedure permits joinder when the claims against the defendants arise from the "same transaction." Additionally, there must be at least one "common question" of law or fact involved. Tex.R. Civ. P. 40(a); *Texas Instruments*, 266 F.R.D. at 148. "Texas Rule 40 is interpreted in light of a state policy that encourages broad joinder of multiple parties in the same action." *Id*. at 148-149 (citing *In re E.L.P.*, 636 S.W.2d 579, 581 (Tex.App.– San Antonio 1982, no writ). Here, the claims against Lexington and Allen may arguably be said to arise from the same transaction in that Centaurus seeks to recover from both defendants for damages done to its commercial property during Hurricane Ike. As to Lexington, Centaurus seeks to recover under the policy of insurance. Defendant Allen is sued for his alleged negligence in selling Centaurus an insurance policy that provided inadequate coverage. Likewise, the "common question" requirement is met because the amount and nature of the damage done to Centaurus's property is a common to

4

the claims against each defendant, as is the scope of the coverage available under the Lexington policy. Thus, the court cannot say that joinder was improper under Texas Rule 40.

However, even assuming that the requirements of Texas Rule 40 have not been met in this case, the court cannot ignore the claims against Allen unless those claims are also "wholly distinct" and have "no real connection" to the claims made against Lexington. *Tapscott*, 77 F.3d 1360. The claims against Lexington and Allen have a sufficient nexus between them, and they do not represent the type of "egregious" joinder, "bordering on a sham" that is disallowed for purposes of determining fraudulent joinder in federal court. *Texas Instruments*, 266 F.R.D. at 153 ("Even assuming for the sake of argument that Morgan Stanley has been misjoined, that misjoinder is not so egregious as to be fraudulent.")[1]

## CONCLUSION

The court finds that the claims against non-diverse defendant Allen are sufficiently related to the claims against diverse defendant Lexington to prevent a finding of improper joinder. Therefore, complete diversity is lacking in this case. Plaintiff's motion to remand is GRANTED.

Signed at Houston, Texas on January 10, 2011.

_____
Gray H. Miller
United States District Judge

---

[1] Lexington cites to *Centaurus Gf Cove, LLC v. Lexington Ins. Co.*, Civil Action No. H-10-836 (Memorandum Opinion July 7, 2010), where this court denied a motion to join insurance agent defendants under Federal Rule 19. That case is distinguishable because the insurance agent defendants were not joined in the state court, and *compulsory* joinder was sought under the Federal Rules after removal. Here, the issue is whether *permissive* joinder was appropriate in state court, and under Texas rules.